Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Eugenia Spain**, an Arizona resident; **Ian Brazell,** an Arizona resident; and **Kala Brazell,** an Arizona resident;<br><br>Plaintiffs,<br><br>v.<br><br>**The Pizza Joint, LLC**, an Arizona company; **Untamed Spirit Arizona, LLC**, an Arizona company; **Untamed Spirit, LLC**, an Arizona company; and **Anne-Lise Finnbraaten,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiffs Eugenia Spain, Ian Brazell, and Kala Brazell, for their Verified Complaint against Defendants The Pizza Joint, LLC; Untamed Spirit Arizona, LLC; Untamed Spirit, LLC; and Anne-Lise Finnbraaten, hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiffs bring this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C.

§§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiffs were employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Eugenia Spain resided in the District of Arizona.

7. Plaintiff Eugenia Spain has been a full-time employee of Defendants from on or around February 5, 2019 and is currently still employed.

8. At all relevant times, Plaintiff Eugenia Spain was / is an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times, Plaintiff Eugenia Spain was / is an employee of Defendants as defined by A.R.S. § 23-362(A).

10. At all relevant times, Plaintiff Eugenia Spain was / is an employee of Defendants as defined by A.R.S. § 23-350(2).

11. At all relevant times to the matters alleged herein, Plaintiff Ian Brazell resided in the District of Arizona.

12. Plaintiff Ian Brazell was a full-time employee of Defendants from on or around May 7, 2019 until July 16, 2020.

13. At all relevant times, Plaintiff Ian Brazell was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

14. At all relevant times, Plaintiff Ian Brazell was an employee of Defendants as defined by A.R.S. § 23-362(A).

15. At all relevant times, Plaintiff Ian Brazell was an employee of Defendants as defined by A.R.S. § 23-350(2).

16. At all relevant times to the matters alleged herein, Plaintiff Kala Brazell resided in the District of Arizona.

17. Plaintiff Kala Brazell was a full-time employee of Defendants from on or around May 10, 2019 until January 15, 2020.

18. At all relevant times, Plaintiff Kala Brazell was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

19. At all relevant times, Plaintiff Kala Brazell was an employee of Defendants as defined by A.R.S. § 23-362(A).

20. At all relevant times, Plaintiff Kala Brazell was an employee of Defendants as defined by A.R.S. § 23-350(2).

21. Defendant The Pizza Joint, LLC is a company authorized to do business in

Arizona, and are Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

22. Defendant The Pizza Joint, LLC is a company authorized to do business in Arizona, and are Plaintiffs' employer as defined by A.R.S. § 23-362(B).

23. Defendant The Pizza Joint, LLC is a company authorized to do business in Arizona, and are Plaintiffs' employer as defined by A.R.S. § 23-350(3).

24. Defendant Untamed Spirit Arizona, LLC is a company authorized to do business in Arizona, and are Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

25. Defendant Untamed Spirit Arizona, LLC is a company authorized to do business in Arizona, and are Plaintiffs' employer as defined by A.R.S. § 23-362(B).

26. Defendant Untamed Spirit Arizona, LLC is a company authorized to do business in Arizona, and are Plaintiffs' employer as defined by A.R.S. § 23-350(3).

27. Defendant Untamed Spirit, LLC is a company authorized to do business in Arizona, and are Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

28. Defendant Untamed Spirit, LLC is a company authorized to do business in Arizona, and are Plaintiffs' employer as defined by A.R.S. § 23-362(B).

29. Defendant Untamed Spirit, LLC is a company authorized to do business in Arizona, and are Plaintiffs' employer as defined by A.R.S. § 23-350(3).

30. Defendant Anne-Lise Finnbraaten is an Arizona resident.

31. Defendant Anne-Lise Finnbraaten has directly caused events to take place giving rise to this action.

32. Defendant Anne-Lise Finnbraaten is the owner of The Pizza Joint, LLC.

33. Defendant Anne-Lise Finnbraaten is a manager of The Pizza Joint, LLC.

34. Defendant Anne-Lise Finnbraaten is an employer of The Pizza Joint, LLC.

35. Defendant Anne-Lise Finnbraaten is the owner of Untamed Spirit Arizona, LLC.

36. Defendant Anne-Lise Finnbraaten is a manager of Untamed Spirit Arizona, LLC.

37. Defendant Anne-Lise Finnbraaten is an employer of Untamed Spirit Arizona, LLC.

38. Defendant Anne-Lise Finnbraaten is the owner of Untamed Spirit, LLC.

39. Defendant Anne-Lise Finnbraaten is a manager of Untamed Spirit, LLC.

40. Defendant Anne-Lise Finnbraaten is an employer of Untamed Spirit, LLC.

41. Defendant Anne-Lise Finnbraaten has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

42. Defendant Anne-Lise Finnbraaten has been at all relevant times Plaintiffs' employer as defined by A.R.S. § 23-362(B).

43. Defendant Anne-Lise Finnbraaten has been at all relevant times Plaintiffs' employer as defined by A.R.S. § 23-350(3).

44. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Anne-Lise Finnbraaten is an employer.

45. Defendant Anne-Lise Finnbraaten had the authority to hire and fire employees.

46. On or around February 5, 2019, Defendant Anne-Lise Finnbraaten hired and interviewed Plaintiff Eugenia Spain.

47. On or around May 7, 2019, Defendant Anne-Lise Finnbraaten hired and

interviewed Plaintiff Ian Brazell.

48. On or around May 10, 2019, Defendant Anne-Lise Finnbraaten hired and interviewed Plaintiff Kala Brazell.

49. Defendant Anne-Lise Finnbraaten supervised and controlled Plaintiffs' work schedules or the conditions of Plaintiffs' employment.

50. Defendant Anne-Lise Finnbraaten instructed Plaintiffs to either be on-call or to work at both the motel and restaurant 24 hours a day, 7 days a week.

51. Defendant Anne-Lise Finnbraaten determined the rate and method of Plaintiffs' payment of wages.

52. In or around the June 2020, Defendant Anne-Lise Finnbraaten gave Plaintiff Eugenia Spain a raise from $12.00 an hour to $13.00 an hour.

53. Defendant Anne-Lise Finnbraaten instructed employees that no one could change her recipes at the restaurant or the themes of the motel rooms.

54. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Anne-Lise Finnbraaten is subject to individual and personal liability under the FLSA.

55. Plaintiffs further informed, believe, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

56. Defendants, and each of them, are sued in both their individual and corporate capacities.

57. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

58. At all relevant times, Defendants were horizontal joint employers of Plaintiffs.

59. At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs; and (2) Defendants were under common control.

60. During the relevant time periods, Plaintiffs worked at both the motel and restaurant interchangeably.

61. The restaurant is connected to the motel.

62. The motel and restaurant are all under common control of Defendant Anne-Lise Finnbraaten.

63. At all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiffs.

64. In addition, at all relevant times, Defendants were vertical joint employers of Plaintiff, as defined by *Torres-Lopez v. May*, 111 F.3d 633, 640 (9th Cir. 1997).

65. The Pizza Joint, LLC, Untamed Spirit Arizona, LLC, and Untamed Spirit, LLC have common ownership.

66. The Arizona Corporation Commission lists Defendant Anne-Lise Finnbraaten as a principal of The Pizza Joint, LLC; Untamed Spirit Arizona, LLC; and Untamed Spirit, LLC.

67. The Pizza Joint, LLC, Untamed Spirit Arizona, LLC, and Untamed Spirit, LLC have common management.

68. Anne-Lise Finnbraaten manages all three entities.

69. The Pizza Joint, LLC; Untamed Spirit Arizona, LLC; and Untamed Spirit, LLC have common employment policies.

70. Employees worked at both the restaurant and the motel.

71. The Pizza Joint, LLC, Untamed Spirit Arizona, LLC, and Untamed Spirit, LLC have common employees.

72. Plaintiffs were common employee who worked at all three entities.

73. The Pizza Joint, LLC, Untamed Spirit Arizona, LLC, and Untamed Spirit, LLC have common clients.

74. Motel guests would regularly eat at the connected restaurant.

75. Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

76. Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

77. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

78. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in interstate commerce.

79. Plaintiffs would regularly answer the telephone to answer guests' questions.

80. Plaintiffs, in their work for Defendants, regularly handled goods produced and transported in interstate commerce.

81. Plaintiffs are covered employees under individual coverage.

82. Plaintiffs are covered employees under enterprise coverage.

**FACTUAL ALLEGATIONS**

83. The entity Defendants, together, are a motel and connected restaurant.

84. On or around February 5, 2019, Plaintiff Eugenia Spain commenced

employment with Defendants as an all-purpose restaurant and motel worker.

85. On or around May 7, 2019, Plaintiff Ian Brazell commenced employment with Defendants as an all-purpose restaurant and motel worker.

86. On or around May 10, 2019, Plaintiff Kala Brazell commenced employment with Defendants an all-purpose restaurant and motel worker.

87. Plaintiffs' primary job duties include cooking, serving, bartending, cleaning, maintenance, greeting customers and assisting with check ins/outs and other customer service needs.

88. From on or around February 5, 2019 until June 2020, Plaintiff Eugenia Spain was a non-exempt employee and paid at a rate of $12.00 an hour.

89. From in or around June 2020 to the present, Plaintiff Eugenia Spain is / was a non-exempt employee and paid at a rate of $13.00 an hour.

90. From on or around May 7, 2019 until December 31, 2019, Plaintiff Ian Brazell was non-exempt employee and paid at a rate of $11.50 an hour.

91. From on or around January 1, 2020, Plaintiff Ian Brazell was non-exempt employee and paid at a rate of $12.00 an hour.

92. From on or around May 10, 2019 until December 31, 2019, Plaintiff Kala Brazell was non-exempt employee and paid at a rate of $11.50 an hour.

93. From on or around January 1, 2020, Plaintiff Kala Brazell was non-exempt employee and paid at a rate of $12.00 an hour.

94. Plaintiff Eugenia Spain was on call 24 hours a day, 7 days a week.

95. Plaintiff Ian Brazell was on call 24 hours a day, 7 days a week.

96. Plaintiff Kala Brazell was on call 24 hours a day, 7 days a week.

97. Plaintiffs estimate that they actually worked around 16 hours a day, 7 days a week for a total of 112 hours per week.

98. Plaintiffs are required to be on-call at the property location at all times.

99. If there was a problem, Plaintiffs are required to leave their room and work.

100. For example, if at 2am a potential hotel guest needed a room, Plaintiffs would have to wake up, leave their rooms, and check in the guest.

101. At all hours of the night guests work have maintenance issues and / or need to check in.

102. Defendants failed to properly compensate Plaintiff Eugenia Spain for all her overtime hours, off-the-clock hours, and on-call hours.

103. Defendants failed to properly compensate Plaintiff Ian Brazell for all his overtime hours, off-the-clock hours, and on-call hours.

104. Defendants failed to properly compensate Plaintiff Kala Brazell for all her overtime hours, off-the-clock hours, and on-call hours.

105. Plaintiff Eugenia Spain routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

106. Plaintiff Ian Brazell routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

107. Plaintiff Kala Brazell routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

108. For example, during the pay period of April 1, 2020 through April 15, 2020, Plaintiff Eugenia Spain received a paycheck for 40 hours in the amount of $520.00. She estimates that she worked around 224 hours during that two-week period, and therefore she did not receive FLSA minimum wage, Arizona minimum wage, nor overtime for that time period.

109. For example, during the pay period of May 20, 2019 through June 2, 2019, Plaintiff Ian Brazell received a paycheck for 46.2 hours in the amount of $532.83. He estimates that he worked around 224 hours during that two-week period, and therefore he did not receive FLSA minimum wage, Arizona minimum wage, nor overtime for that time period.

110. For example, during the pay period of September 1, 2019 through September 15, 2019, Plaintiff Kala Brazell received a paycheck for 80 hours in the amount of $920.00. She estimates that she worked around 224 hours during that two-week period, and therefore she did not receive FLSA minimum wage, Arizona minimum wage, nor overtime for that time period.

111. At all relevant times during Plaintiffs' employment, Defendants failed to properly compensate Plaintiffs for all their overtime hours.

112. Defendants were aware that Plaintiffs' working hours routinely exceeded 40 hours, and required them to work overtime as a condition of their employment.

113. Defendants wrongfully withheld wages from Plaintiffs by failing to pay all wages due for overtime hours Plaintiffs worked.

114. Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

115. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

116. Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

117. Defendants are aware of the laws regarding overtime and minimum wage.

118. In fact, on February 25, 2019, Defendants Untamed Spirit, LLC and Anne-Lise Finnbraaten were previously sued in the District of Arizona alleging failure to pay minimum wage in violation of the FLSA and Arizona Minimum Wage Statute, and failure to pay overtime in violation of the FLSA.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

119. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

120. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

121. Plaintiffs were employees entitled to the statutorily mandated minimum wage.

122. Defendants have intentionally failed and/or refused to pay Plaintiffs minimum wage according to the provisions of the FLSA.

123. As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving any compensation in accordance with 29 U.S.C.§ 206.

124. In addition to the amount of unpaid minimum wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29

U.S.C. § 216(b).

125. Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

126. Defendants knew Plaintiffs were not being compensated full minimum wages for time worked.

127. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

128. Defendants have not made a good faith effort to comply with the FLSA.

129. Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

130. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

131. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

132. Defendants intentionally failed and/or refused to pay Plaintiffs full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

133. In addition to the amount of unpaid minimum wage owed to Plaintiffs, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

134. Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

# COUNT III
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

135. Plaintiffs incorporates by reference all of the above allegations as though fully set forth herein.

136. At all relevant times, Plaintiffs have been employed by Defendants within the meaning of the FLSA.

137. Plaintiffs are employees entitled to the statutorily mandated overtime wages.

138. Defendants have intentionally failed and/or refused to pay Plaintiffs overtime wages according to the provisions of the FLSA.

139. As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

140. In addition to the amount of unpaid overtime wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

141. Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

142. Defendants knew Plaintiffs were not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

143. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

144. Defendants have not made a good faith effort to comply with the FLSA.

145. Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

# COUNT IV
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

146. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

147. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Wage Statute.

148. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

149. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiffs.

150. Defendants failed to timely pay Plaintiffs their wages due without a good faith basis for withholding the wages.

151. Defendants have willfully failed and refused to timely pay wages due to Plaintiffs.

152. As a result of Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

### CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. §

206, by failing to pay minimum wages;

iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

v. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

vi. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

vii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiffs reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiffs hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED August 4, 2020.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
 14500 N. Northsight Blvd, Suite 133
 Scottsdale, AZ 85260
 Attorneys for Plaintiffs

## **VERIFICATION**

Plaintiffs Eugenia Spain, Ian Brazell and Kala Brazell declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Eugenia Spain

_____
Ian Brazell

_____
Kala Brazell

## **VERIFICATION**

Plaintiffs Eugenia Spain, Ian Brazell and Kala Brazell declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

 

_____
Eugenia Spain

_____
Ian Brazell

_____
Kala Brazell